UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lashaunda Richards<br>7359 S. Marshfield<br>Chicago, IL 60636<br><br>      Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, Inc.<br>120 Corporate Blvd.<br>Norfolk, VA 23502<br><br>      Defendant. | CASE NO.:<br><br>JUDGE: | FILED STAMP: APRIL 24, 2008<br>08CV2341  J. N.<br>JUDGE KENDALL<br>MAG. JUDGE SCHENKIER<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around October 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During this communication, Defendant threatened that Defendant could start garnishing Plaintiff's wages at any time, without providing any notice to Plaintiff.

11. As a result of this threat, Plaintiff feared that a garnishment of her wages was imminent and agreed to a payment arrangement to prevent her wages from being garnished.

12. In or around December 2007, Defendant telephoned Plaintiff's place of employment on numerous occasions, sometimes more than 3 times a day.

13. During several of these communications, Defendant was belligerent and demanding while speaking to Plaintiff's coworkers.

14. As a result, Plaintiff feared that her coworkers had realized that Defendant was a debt collector.

15. In or around December 2007, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff.

16. During this communication, Plaintiff informed Defendant that Plaintiff had retained an attorney to file bankruptcy

17. During this communication, Defendant misrepresented that Plaintiff was not eligible to file bankruptcy and that her bankruptcy would be dismissed.

18. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

31. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                    RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___/s/ Jeffrey S. Hyslip_____
     Jeffrey S. Hyslip
     Attorney for Plaintiff
     233 S. Wacker
     Sears Tower, Suite 5150
     Chicago, IL 60606
     Telephone:  866-339-1156
     Email:  jsh@legalhelpers.com